891 F.2d 287
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jack W. NISTENDIRK, Defendant-Appellant.
 No. 89-5028.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 6, 1989.
Decided: Nov. 17, 1989.
 
 Michael Thane Clifford, for appellant.
 Amy Michelle Lecocq, Assistant United States Attorney (Michael W. Carey, United States Attorney, on brief), for appellee.
 Before ERVIN, Chief Judge, CHAPMAN, Circuit Judge, and RICHARD L. WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Following a jury trial, Jack W. Nistendirk was convicted of conspiracy to distribute and cause the possession with intent to distribute cocaine in violation of 21 U.S.C. § 846, interstate travel with the intent to facilitate the carrying on of a business enterprise involving cocaine in violation of 18 U.S.C. § 1952(a)(3), and distribution of approximately one quarter of an ounce of cocaine in violation of 21 U.S.C. § 841(a)(1). Nistendirk appeals his convictions claiming that there was not sufficient evidence to sustain them and that he should not have been sentenced under the Sentencing Reform Act of 1984 because the alleged conspiracy began before November 1, 1987, the effective date of the new Sentencing Guidelines promulgated under the Act. We find no merit in the appellant's arguments, and we affirm.
 
 
 2
 In reviewing these jury verdicts, we are bound by the language of Glasser v. United States, 315 U.S. 60, 80 (1942), which directs that the verdict "must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it." Our review of the record reveals an abundance of evidence to establish the proof of the essential elements necessary to prove the crimes charged and to support the three convictions. Nistendirk and one Alan Frankel were engaged in a conspiracy to distribute cocaine. By comparison with many conspiracies we have reviewed, this one did not involve great quantities of cocaine or large amounts of cash, but the case presented by the government clearly established an agreement between Nistendirk and Frankel to possess and distribute cocaine. The conspiracy began in the fall of 1987 and continued well into 1988.
 
 
 3
 The evidence also supported the travel in interstate commerce to facilitate cocaine distribution. On a trip to Nashville, Tennessee in September 1987, Nistendirk left a clear paper trail of his movements and the testimony supported a finding that he purchased cocaine on this trip and that this was part of a continuous course of conduct in furtherance of the conspiracy. There was also substantial evidence to support the finding of a September 1987 sale of approximately one quarter of an ounce of cocaine by Nistendirk to Frankel for $500 in cash.
 
 
 4
 The court sentenced Nistendirk on the travel count and the distribution count under 18 U.S.C. § 4205(a) because these offenses were completed prior to the effective date of the Sentencing Guidelines. However, the court sentenced appellant under the Guidelines on the conspiracy count because the conspiracy extended past the effective date of the Guidelines. Appellant contends that he was not convicted of any acts after November 1, 1987, but the evidence was sufficient to support a finding of overt acts in furtherance of the conspiracy after that date. We find no ex post facto violation in the application of the Sentencing Guidelines to a conspiracy that began prior to the effective date of the Guidelines and continued after the effective date. We find that this issue has not yet been faced by other circuits, but we are persuaded by decisions of the Third Circuit which found that there is no ex post facto violation when a defendant is sentenced for a conspiracy which began before, but had terminated after, the effective date of a new statute which increased the penalty for the crime. See United States v. Goldberger, 197 F.2d 330 (3d Cir.), cert. denied, 344 U.S. 833 (1952), and United States v. Gibbs, 813 F.2d 596 (3d Cir.1987). Conspiracy is a continuing crime and there was substantial evidence in the present case to show that the conspiracy continued past the effective date of the Sentencing Guidelines, therefore the defendant was properly sentenced.
 
 
 5
 AFFIRMED.